# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 3:13CV-P1153-M

**DONYELL FLIPPINS**                                                                  **PLAINTIFF**

v.

**MAIL ROOM CLERK**                                                      **DEFENDANT**

## MEMORANDUM OPINION

Donyell Flippins, an inmate at the Eastern Kentucky Correctional Complex, initiated this action by sending a letter to the Clerk of Court alleging that the mail room clerk at the Roederer Correctional Complex tampered with and/or destroyed his mail. The Court construed the action as arising under 42 U.S.C. § 1983 and, on April 14, 2014, entered a Memorandum and Order (DN 5) directing Plaintiff to submit his complaint on a court-supplied § 1983 form, to submit a completed summons form for each Defendant, and to either pay the $400.00 filing fee or file an application to proceed on appeal without the prepayment of fees within 30 days. The Order warned Plaintiff that failure to comply within the time allotted may result in dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to comply with any part of the Court's Order or to take any other steps in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: June 23, 2014

                                              **Joseph H. McKinley, Jr., Chief Judge**
                                              **United States District Court**

cc: Plaintiff, *pro se*
4414.010